UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CLARKSON S. FISHER
BUILDING & U.S.
COURTHOUSE
402 EAST STATE STREET
TRENTON, NJ 08608
609-989-2123

CHAMBERS OF
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

June 16 2026

## LETTER ORDER

**Re:**    *Isidro Melchor Romero v. Acting Field Office Director* **et al (Civil No. 26-5011)**

THIS MATTER comes before the Court upon correspondence from Respondents' counsel in the above-captioned habeas case indicating that Isidor Melchor Romero ("Petitioner") had "received an individualized bond hearing before an immigration judge" on June 9, 2026, and requesting that the Court close the case. (ECF No. 8.) Respondent included the order of Immigration Judge ("IJ") Jacob Addicott, denying, "[a]fter full consideration of the evidence presented," Petitioner's request for bond finding Petitioner was a danger to the community. (ECF No. 8-1.) Based on the Court's understanding of the case, Judge Addicott reached this decision on the basis of Petitioner's recent driving while intoxicated charge. (*See* ECF No. 6.)

A detainee may be released on bond if he "demonstrate[s to an IJ] that such release would not pose a danger to property or persons, and that [he] is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). The burden is on petitioner to show that he is not a danger or a flight risk and is entitled to bond. *See Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278–79 (3d Cir. 2018). District courts have limited jurisdiction to overturn an IJ's bond decision. In habeas cases, district courts may only review whether the bond hearing was fundamentally unfair, *see Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022), but lack jurisdiction to review discretionary determinations underlying the IJ's bond decision. *See* 8 U.S.C. § 1226(e).

The Board of Immigration Appeals has previously explained that "driving under the influence is a significant adverse consideration in bond proceedings" and is not generally mitigated by significant family ties. *See Matter of Egidijus Siniauskas*, 27 I. & N. Dec. 207, 209, 2018 WL 741501, at *2 (2018) (upholding danger finding where petitioner had a 10-year-old DUI conviction and a recent charge for DUI). Accordingly, Respondents' request is **GRANTED**. The Clerk is directed to **CLOSE** this case.

**IT IS SO ORDERED.**

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE